Eastern District.
*March,* 1830.

HOUSE
*vs.*
CROFT.

Minority must be pleaded; the plaintiff is not obliged to prove the defendant is a major.

A prayer for judgment, is a sufficient allegation that the money alleged in the petition to be due, is unpaid.

When suit is brought on a judgment of a sister state, it is not necessary to allege that the court which rendered judgment is a court of competent jurisdiction.

Payment of a debt cannot be pleaded in reconvention.

The faith and credit due to judgments of the courts of other states of the Union, extends as well to their competency, as to the correctness of the matters decided by them.

*HOUSE vs. CROFT.*

APPEAL from the court of the third judicial district, the judge of the fourth district presiding.

PORTER, J. delivered the opinion of the court. The plaintiff alleges, the defendant was appointed his guardian, in South Carolina, and gave bond for the faithful discharge of the duties of his office; that he failed to perform them; that the petitioner was compelled to sue him in a court of equity, in that state, and that judgment was rendered against him for $3158 31-100, which has been demanded from him, and for which, this suit is brought.

The defendant filed exceptions to the petition.

The *first* was, that the plaintiff had not alleged he was of lawful age, and capable to sue in his own name.

*Second.* That he had not given the date of the decree of the court of chancery, and had not alleged it was a court of competent jurisdiction, nor that the money was still due.

Eastern District.
*March*, 1820.

House
*vs.*
Croft.

The district court overruled these exceptions, and the correctness of its doing so, is the first question for our consideration.

We think the court did not err. The plaintiff, if he was of age, was not required to allege it. If he was not, the defendant should have set the matter up as a defence, and proved it. There was nothing in the circumstance of the petitioner having been a minor, to take this case out of the general rule, as every man of full age, was so, at some period of his life.

The decree of the court of chancery, was annexed to, *and made a part of the petition*, consequently, its date made a part of the petition. This demand for judgment against the defendant, is a sufficient allegation, that the money alleged in the petition to be due, is unpaid. It was not necessary to allege that the court which rendered judgment against the defendant, in South Carolina, was a court of competent jurisdiction. Its competency is presumed, until the contrary is shown. And the pleadings are sufficiently certain, when they conform to the presumptions of law.

VOL. VIII. (N. S.)    89

The defendant answered to the merits, and pleaded, first, the general issue: second, the nullity of the judgment, as being rendered without citation. He also set up a demand in reconvention: $157 of which, he alleges, was advanced to the plaintiff, in the defendant's capacity as guardian, and another sum of $1579 15-100,he averred was paid to the petitioner, but on what account, is not stated.

A motion was made to strike the plea of reconvention from the answer, because the things therein demanded, are not connected with, or incidental to, the claim in the petition.

The court sustained this motion, but at the same time declared the defendant was at liberty to file any plea, which might go to extinguish the plaintiffs demand, in whole, or in part. The defendant excepted.

One of the matters set forth in the answer, not being shown to have any connection with the demand in the petition, could not be pleaded in reconvention. The other, which averred *payment* of a portion of the claim sued on, should have been pleaded as such, and could not be presented in the shape of a separate demand, for payment necessarily ex-

Eastern District.
*March*, 1830.

HOUSE
*vs.*
CROFT.

tinguishes the obligation on which the payment is made. We are at a loss to conceive why the defendant refused to plead these matters, as payment, although offered permission by the court to do so. If his object was to escape from the acknowledgment of a debt once existing, which an allegation of payment of it would have produced, we are furnished with an additional reason for not permitting it to be offered in reconvention, for he should not have the advantage of showing he paid part of the debt, without taking the consequences that would have followed, pleading it regularly.

The court below decided correctly, in presuming the competency of the court which gave judgment. Under the constitution of the United States, full faith and credit is due to the decrees of the courts of our sister states; and that faith and credit extends, as well to the jurisdiction of the court, as to the fact, that judgment was rendered.

There was no error in giving interest from judicial demand, and it is therefore ordered, adjudged and decreed, that the judgment of the district court be affirmed with costs.

*Turner* for defendant.